HOGANSON, Respondent, vs. KNUTSON and another, Appel-
lants.

*November 13—December 7, 1909.*

*Contracts: Breach: When action may be brought.*

A subcontract for a building required performance within a speci-
   fied time and provided that if the subcontractor should neglect
   or refuse to complete his contract the principal contractor
   might take over the work and proceed to complete it, and that
   in such case no further payments should be made to the sub-
   contractor until the completion of the work, and upon the final
   settlement to be then made he should only be allowed for the
   actual value of what he had furnished, and in addition to the
   stipulated damages he should be liable for all loss and damage
   and all increased cost of erecting and completing the building
   caused by his default.  *Held,* that upon a breach by the sub-
   contractor the principal contractor's right of action against
   him accrued at once, and the contract did not require the action
   to be postponed until after the completion of the work.

APPEAL from an order of the circuit court for Racine county: E. B. BELDEN, Circuit Judge. *Affirmed.*

About May 1, 1907, the plaintiff contracted to erect a church building in the village of New Munster and to complete the building by the 1st of January, 1908. In the event of his not completing the building at that time he agreed to pay the church congregation the sum of $5 for each day the building remained uncompleted after the 1st day of January, 1908. On May 3, 1907, the defendant *Knutson* contracted with the plaintiff to do the excavating, mason work, plastering, and stucco work, and to furnish certain material and labor therefor for the sum of $6,806. This contract provided for the completion of the brickwork by the 15th day of August and the remainder of the work by October 15, 1907, and for the forfeiture to the plaintiff of the sum of $5 per day as liquidated damages for each day after either of said dates that the parts of the construction so undertaken by *Knutson* remained uncompleted, provided such delay was not caused by uncompleted carpenter work. The contract stipulates that if *Knutson* shall neglect or refuse to complete his contract, then the plaintiff,

"after giving [*Knutson*] five days' notice in writing, may take over said work, including all material, appliances, and staging on the ground, and may procure the necessary labor and material to complete this contract according to the provisions thereof; and, in case of [plaintiff's] so taking possession, no further payments shall be made to [*Knutson*] hereunder until the completion of said work, and, upon the final settlement to be then made between the parties, [*Knutson*] shall only be allowed for the actual value according to this contract of the material and work he may have furnished, and in addition to the liquidated damages hereinafter mentioned he shall be liable to the [plaintiff] for all loss and damage and all increased cost of erecting and completing said building caused by his failure or neglect."

*Knutson* was to be paid in monthly instalments of eighty-five per cent. of the value of the work done during the month,

the remaining fifteen per cent. to be paid him upon the final completion of the work and its acceptance by the plaintiff. To secure the performance of the agreement between the plaintiff and *Knutson,* a bond in the sum of $3,000 was given by the defendants.

On July 22, 1907, certain work which had been performed by the subcontractor was condemned by the supervising architect and it was taken down and reconstructed, thereby delaying the completion of the work. The brickwork was not completed by the 15th day of August. On October 5th, while the brickwork was still uncompleted, the defendant *Knutson* abandoned the work. On October 14, 1907, the plaintiff undertook the completion of the contract and completed the brickwork December 15, 1907.

It is alleged in the complaint that owing to the failure of the defendant *Knutson* to complete his contract plaintiff has been delayed in carrying out his contract for 124 days, and that the defendant *Knutson* has become indebted to the plaintiff in the sum of $620 as the liquidated damages; that the plastering, stucco, and concrete work on the building remain uncompleted and that it will cost the plaintiff $1,340 to complete them; that plaintiff expended $4,835.47 in completing the brickwork; that $1,826 was paid to the defendant *Knutson;* and that *Knutson* is entitled to a credit of $50.89 for material left by him and used in the construction of the building.

The bond given by the defendant the *United States Fidelity & Guaranty Company* provided, "That said principal [*Knutson*] shall well and truly indemnify and save harmless the said obligee [*Hoganson*] from any pecuniary loss resulting from the breach of any of the terms, covenants, and conditions on the part of the said principal to be performed," and also that the surety company should not be "subject to any suit, action, or other proceeding thereon that is instituted later than the 15th day of January, A. D. 1908."

This action was commenced on January 10, 1908, while the building was still uncompleted. This is an appeal from the order of the circuit court overruling a general demurrer of the defendants to the complaint.

For the appellants the cause was submitted on the brief of *Wallace Ingalls,* attorney, and *Sanborn & Blake,* of counsel.

For the respondent there was a brief by *George W. Waller,* attorney, and *John B. Simmons,* of counsel, and oral argument by *Mr. Waller.*

SIEBECKER, J. The allegations of the complaint aver a breach of contract by the subcontractor and consequent damages to the principal contractor, the plaintiff. It is claimed that no cause of action accrued to the plaintiff by such breach of the contract by the defendant *Knutson,* since the agreement with *Knutson* was that if he defaulted in performance of the contract and plaintiff proceeded with the work of construction as provided in the contract, then "no further payments [should] be made to [*Knutson*] until the completion of said work, and, upon a final settlement to be then made between the parties," *Knutson* should only be allowed for what he had actually furnished under the contract, and, in addition to the stipulated damages, *Knutson* was to be liable to the plaintiff "for all loss and damage and all increased cost of erecting and completing said building" caused by his default. The argument is that this agreement operates to bar all action against *Knutson* until the construction of the building has been completed by the plaintiff. These stipulations provide what losses caused by *Knutson's* default shall be charged to him, and that until completion of the entire structure as provided by plaintiff's contract he shall not be entitled at the time of and after such default to demand payment of the amounts remaining unpaid for work performed and material furnished by him. Such provisions are common in building contracts and are inserted to secure prompt performance of the work

of construction. We however find nothing in them showing that it was mutually understood that the plaintiff's right of action for breach thereof was to be postponed until the completion of the entire work undertaken by the plaintiff. It is not claimed but that plaintiff's right of action accrued upon *Knutson's* default and that he was at liberty to institute his action to recover for the breach at any time thereafter, unless these stipulations effected a postponement of the right of action until the entire building had been fully completed. An application of the stipulations to the circumstances of the case makes it evident that the parties intended to specify the basis of adjustment of the damages finally resulting from a breach. We discover no agreement therein for postponing the commencement of the action which accrued upon the breach of the contract. There is nothing in the agreement affecting the right of the plaintiff to institute an action to enforce his right of action which accrued at the time of *Knutson's* default.

It is, however, averred that the damages are not provable until the plaintiff has actually completed the work *Knutson* failed to perform under this contract. We discover no such absolute obstacle to the enforcement of plaintiff's rights. It may well be that the plaintiff, by having let the contract to other responsible parties, knew definitely before he brought action how much it would cost him to complete *Knutson's* contract, or that he possessed full information as to the actual cost of the uncompleted part of the work and the material required to complete it. Furthermore, should plaintiff fail in his efforts to establish all of the alleged damages caused by *Knutson's* default, this would operate to the advantage of *Knutson* and the surety company, and thus no cause of complaint by them can exist on this ground. We are of opinion that the plaintiff's right of action for the damages caused him by *Knutson's* default accrued immediately upon breach of the contract, that the stipulations in the contract do not bar him from the right to then institute an action to recover his dam-

ages, and that the complaint alleges sufficient facts to show that he had actually suffered damages at the time the action was commenced. It must be held that the lower court properly overruled the demurrer to the complaint.

*By the Court.*—The order appealed from is affirmed.